104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Errol Llewellyn CROWN, Defendant-Appellant.
 No. 95-1701.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Christine E. Yaris, New York, NY.
 Yvonne M. Dutton, A.U.S.A., S.D.N.Y., New York, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 Errol Crown was deported in 1994 to Belize after being convicted of conspiring to import cocaine, in violation of 21 U.S.C. §§ 963, 952(a) and 960(b)(3). Three months later, Crown was arrested in the United States and charged with illegal entry in violation of 8 U.S.C. § 1326. Crown pled guilty to the charge in the United States District Court for the Southern District of New York (Leisure, J.).
 
 
 1
 Four months after his plea, Crown moved to withdraw his guilty plea on the ground that his deportation proceedings were insufficient, thus invalidating his deportation, an essential element of the offense to which he had pled guilty. Judge Leisure denied Crown's motion because he failed to prove that he was unfairly prejudiced by any of the alleged due process errors, and a judgment of conviction was duly entered.
 
 
 2
 Crown appeals his conviction, arguing that the district court abused its discretion when it denied his motion to withdraw his guilty plea.
 
 
 3
 There is no absolute right to withdraw a guilty plea and the defendant bears the burden of demonstrating that there is a "fair and just reason" for withdrawal. United States v. Williams, 23 F.3d 629, 634-35 (2d Cir.1994). Procedural defects in a deportation hearing are a "fair and just reason" when the defendant shows that: (1) a procedural defect effectively denied him the right of direct review; and (2) he would have succeeded on direct appeal. See United States v. Mendoza-Lopez, 481 U.S. 828, 838-39 (1987); United States v. Fares, 978 F.2d 52, 57 (2d Cir.1992).
 
 
 4
 We review a trial court's determination of whether alleged facts constitute a "fair and just reason" for abuse of discretion. See Williams, 23 F.3d at 635; United States v. Rodriguez, 968 F.2d 130, 141 (2d Cir.1992).
 
 
 5
 We find no indication that the district court abused its discretion. There is no evidence that any of the procedural defects noted by Crown denied him direct review, and even if there were, Crown fails to demonstrate that he would have been successful but for those defects.
 
 
 6
 We have considered all the arguments raised by Crown and find them to be without merit.
 
 
 7
 Accordingly, the decision of the district court is AFFIRMED.